UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JULIA ANN ZODY </br></br>Plaintiff, </br></br>v. </br></br>SOLUTIONS COMMUNITY COUNSELING AND RECOVERY CENTERS </br></br>Defendant. | CASE NO. 3:18-cv-160 </br></br>COMPLAINT </br></br>JURY TRIAL DEMAND |

## INTRODUCTION

1. This case seeks review and appeal of the decision, dated February 26, 2018, of the U.S. Equal Employment Opportunity Commission's ("EEOC") finding against Plaintiff, Julia Ann Zody, and in favor of Defendant, Solutions Community Counseling and Recovery Centers, EEOC Charge No. 473-2017-00949. The EEOC's decision is attached as Exhibit A. Plaintiff, Julia Ann Zody, filed an EEOC Complaint in July 2017 against Defendant. Plaintiff seeks reversal of the EEOC's decision.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

3. Venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. §1391 because the events giving rise to these claims occurred in this District.

THE LAW OFFICE OF
REX A. WOLFGANG
246 HIGH STREET
HAMILTON, OHIO 45011
Tel. (513) 868-2731
Fax (513) 868-1190
E-MAIL rawolfgan@aol.com

## PARTIES

4. Plaintiff, Julia Ann Zody, is a resident of Butler County, Ohio.

5. Defendant, Solutions Community Counseling and Recovery Centers, is an Ohio not-for-profit corporation, doing business in Butler County and Warren County.

6. Plaintiff has a BA in social work and has been employed by Defendant since September 2005. She was a case manager for teens.

7. Plaintiff is over the age of 40 and is in a protective class.

8. Plaintiff was one of the highest paid employees on a per hour basis.

## FACTS

9. Approximately three years ago Defendant hired as Plaintiff's supervisor a Ms. Julie Knueven, who systematically began to rid the Defendant of the higher paid workers, including Plaintiff and two other members of the protective class.

10. Plaintiff was discharged on May 1, 2017 and filed an EEOC Complaint, Charge 473-2017-00949, and has received a right to sue letter from the EEOC.

11. Prior to Plaintiff's termination, she was also subject to discriminatory practices, discipline, and workload that the younger and lesser paid employees were not subjected.

## CAUSES OF ACTION

### COUNT I

*Age Discrimination in Violation of Ohio Revised Code §4112.02*

12. Plaintiff realleges and incorporates by reference the above paragraphs, as if fully set forth herein.

THE LAW OFFICE OF
REX. A. WOLFGANG
246 HIGH STREET
HAMILTON, OHIO 45011
TEL. (513) 868-2731
FAX (513) 868-1190
E-MAIL rawolfgan@aol.com

13. By discriminating against Plaintiff on the basis of her age, Defendant has denied Plaintiff the same rights of employment it provides to younger employees and has violated Plaintiff's rights under the Ohio Age Discrimination Law, being Revised Code §4112.02.

## COUNT II

### *Federal Age Discrimination Employee Act in Violation of 29 U.S.C. §621 et seq.*

14. Plaintiff realleges and incorporates by reference the above paragraphs, as if fully set forth herein.

15. By denying Plaintiff the full and equal enjoyment of employment on the basis of her age, Defendant has violated Federal Age Discrimination Employee Act, to wit: 29 U.S.C. §621 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

(1) Enter a declaratory judgment finding that the foregoing actions of the Defendant violate the Ohio Age Discrimination Law, being Revised Code §4112.02, and Federal Age Discrimination Employee Act, 29 U.S.C. §621 *et seq.*;

(2) Award compensatory damages to Plaintiff in an amount to be determined at trial, but known to be in excess of $100,000.00;

(3) Award punitive damages to Plaintiff in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

THE LAW OFFICE OF
REX. A. WOLFGANG
246 HIGH STREET
HAMILTON, OHIO 45011
TEL. (513) 868-2731
FAX (513) 868-1190
E-MAIL rawolfgan@aol.com

(4) Award Plaintiff her attorney's fees and costs pursuant to O.R.C. §4112.14(B);

(5) Order such other relief as this Court deems just and equitable.

Respectfully submitted,

THE LAW OFFICE OF REX A. WOLFGANG

_____
Rex A. Wolfgang, Esq. (0040521)
Attorney for Plaintiff, Julia Ann Zody
246 High Street
Hamilton, Ohio 45011
Telephone: (513) 868-2731
Facsimile: (513) 868-1190

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable as of right.

Respectfully submitted,

THE LAW OFFICE OF REX A. WOLFGANG

_____
Rex A. Wolfgang, Esq. (0040521)
Attorney for Plaintiff, Julia Ann Zody
246 High Street
Hamilton, Ohio 45011
Telephone: (513) 868-2731
Facsimile: (513) 868-1190

THE LAW OFFICE OF
REX. A. WOLFGANG
246 HIGH STREET
HAMILTON, OHIO 45011
TEL. (513) 868-2731
FAX (513) 868-1190
E-MAIL rawolfgan@aol.com

4

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Julia Zody<br>301 Dale Ave<br>Carlisle, OH 45005 | From: | Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main St Room 10-019<br>Cincinnati, OH 45202 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2017-00949 | Amy M. Trzop-Vos,<br>Investigator | (513) 684-2749 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Melanie J Breen_     FEB 2 6 2018

Melanie L. Breen,
Area Office Director     (Date Mailed)

Enclosures(s)

cc:
Tara K. Burke
Jackson Lewis P.C.
201 East Fifth Street
PNC Center 26th Floor
Cincinnati, OH 45202

Eric W. Parks
Human Resource Administrator
SOLUTIONS COMMUNITY
COUNSELING AND RECOVERY
CENTERS
204 Cook Road
Lebanon, OH 45036

Rex A. Wolfgang
THE LAW OFFICE OF REX A. WOLFANG
246 High Street
Hamilton, OH 45011

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u>** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC, CINCINNATI AREA OFFICE

JUL 21 2017
RECEIVED

EEOC Complaint :
:
: COMPLAINT OF JULIA ANN ZODY
:
: 473-2017-00949
:
:

1. Ms. Julia Ann Zody lives at 301 Dale Avenue, Carlisle, Ohio 45005. Her telephone number is (513) 442-9935.

2. Ms. Julia Ann Zody is being represented by Attorney Rex A. Wolfgang, 246 High Street, Hamilton, Ohio 45011. His telephone number is (513) 868-2731.

3. The charges are being filed against Solutions Community Counseling and Recovery Centers, 975A Kingsview Drive, Lebanon, Ohio 45036, also known as Community Mental Health Centers of Warren County, Inc., 50 Greenwood Lane, Springboro, Ohio 45066.

4. This charge is being filed under the age discrimination laws of both the Ohio and Federal Government. Ms. Zody has a BA in social work and has been employed by the above entity since September 2005. She was a case manager for teens. Zody is over the age of 40 and is as such in a protective class. She is a long-time employee of the Respondent. She was also one of the higher paid employees on a per hour basis. Approximately two years ago, Respondent hired as her supervisor a Ms. Julie Knueven, who systematically began to rid the Respondent of the higher paid workers, with two other members of the protective class, Joy Caudill and Bob Guthman, who were also put on leave by Ms. Knueven. Both of these individuals, as well as this Claimant, were replaced by recent college graduates, under the age of 40.

5. The primary source of income for the Respondent is through Federal/State Medicaid payments. As part of her job and the job of all individuals is a certain amount of billing required by each social worker. In 2015, Ms. Zody was placed on a corrective action plan in order to increase her billing. Other employees under the age of 40 who were less productive

in billing were not placed on similar corrective action plans. Despite the fact that claimant was given barely enough clients to reach her goals under the corrective action plan, she did, in fact, reach those goals. Again, no employee under the age of 40 was required to reach these goals or entered into a corrective action plan. Ms. Zody was discharged on May 1, 2017 under the guise that she created a "safety concern." The safety concern was that she let a student hold her keys while she took care of another part of her job requirements. There is nothing in the policy and procedures manual for letting a student hold your keys while she is still under your direct supervision. The policy and procedure manual calls for a step-by-step discipline plan calling first for a warning, then a write-up, and then a 3-day suspension. None of these actions were taken, and Ms. Zody was never previously disciplined.

6. This constitutes a direct quote from Ms. Zody:

> I was actually on the Corrective Action Plan (CAP as they like to call it) July 2015-July 2016 (and a bit before, I struggled to get off of it because I didn't have enough clients). I should have been off of the CAP in October of 2015 when my total productivity YTD hit 100% on my screen, but the agency argued that it was 99.5% and they wouldn't round up to remove me off of the CAP. The agency refused to give me more clients as I had to wait for referrals from other clinicians. I did periodically advertise my program and ask for more referrals, but I only had around 20-25 clients). My direct supervisor, Christine Charlton, admitted to me that "no one could get their productivity on the amount of clients that I had" (very low). Despite this hardship and low amount of clients, I finished my year (2015-2016) at 95% which was above most of my peers and in the policy and procedure manual, should have put me in the range to get a raise (despite being under 100% YTD put a clinician on a corrective action plan, and if a clinician was on a CAP for the year was supposed to be ineligible for a raise). I was still "bullied, ridiculed, harassed and criticized" monthly by Julie Kneuven despite being at 95%. I was told that if my productivity dipped below 100% YTD at any time for the July 2016-July 2017 year I would be let go (despite others admitting they were well below 100% YTD and didn't even know what a CAP was!!) I brought this issue to my direct supervisor, Christine Charlton, who looked up my co-worker's, Betsy

2

Pettigean, productivity and admitted that it was well below the 100% YTD requirement, yet it was true that she had never been on a Corrective Action Plan (she is approximately 30 years old). My direct supervisor then proceeded to tell me that "it's just how it is, Julie". This school year (2016-2017) we were well understaffed from losing Joy Caudill and Bob Guthman and I was assigned to be the provider at Waynesville School district, in addition to my other program. I now had enough clients to reach my productivity and never dropped below 100% for the school year, in fact I was at 102% when they fired me. HR refuses to provide documentation on my 102% as well as refuses to produce a copy of the contract I signed at the beginning of the school year with my Springboro team, agreeing to stay the school year, because the school districts were complaining about our high clinician turnover rate. I had also learned that Solutions had finally found another provider for Waynesville after advertising the position for at least 6 months, right before I was fired. This was also a person well under the age of 40.

7. Attached hereto as evidence of age discrimination are copies of Ms. Zody's performance evaluations, her discharge letter, and corrective action plan.

Rex A. Wolfgang, Esq.
246 High Street
Hamilton, Ohio 45011
(513) 868-2731

Julia Ann Zody
301 Dale Avenue
Carlisle, Ohio 45005
(513) 442-9935

3